IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** ) ) ) ) | |
| Plaintiff, ) ) | |
| v.   ) ) | **CIVIL ACTION NO. 1:25-00368-KD-N** |
| **MICHAEL HENNIGAN, PAMELA HENNIGAN,** *and* **AMIEE RHIANNON NYCHOLE NEWSOM,** ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

This civil action is before the Court *sua sponte* on review of its subject-matter jurisdiction.[1] Upon due consideration, the Plaintiff, State Farm Mutual Automobile Insurance Company, will be ordered to file an amended complaint to correct defects in its jurisdictional allegations, and also to file a disclosure statement as required by

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also*, *e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

the Federal Rules of Civil Procedure and the Court's local rules.

## I.   Subject-Matter Jurisdiction

"A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). The complaint (Doc# 1) alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction.[2]

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191

---

[2] While the complaint alleges claims under the federal Declaratory Judgment Act, it is well established that the Act does not independently confer federal subject matter jurisdiction over a case. *See, e.g., Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) ("[T]he Declaratory Judgment Act … does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question.").

2

(7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (quotation omitted)); *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[3]

Having considered the complaint (Doc# 1), the undersigned identifies the following deficiencies in the Plaintiff's allegations regarding the parties' citizenships:

- The Plaintiff identifies itself as "an insurance company incorporated in Illinois, with its principal place of business in Illinois." (Doc# 1 ¶ 1, PageID.1). If the Plaintiff is a corporation, then it has sufficiently alleged that it is a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). However, the Plaintiff's use of the term "insurance company," and lack of any suffix in its name, does not make clear whether it is a corporation or some other, unincorporated entity.[4] For

---

[3] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.'" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[4] While the Plaintiff does allege that it was "incorporated in Illinois," in the undersigned's experience it is unfortunately fairly common for a party invoking

3

purposes of diversity jurisdiction, it is well established that an unincorporated artificial entity such as limited liability company or limited partnership "possesses the citizenship of all its members." *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016). *See also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"). Therefore, to properly allege an unincorporated entity's citizenship, the party invoking jurisdiction "must list the citizenships of all the members" or "partners" of the entity. *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). *See also* S.D. Ala. CivLR 8 ("A pleading or notice of removal asserting jurisdiction based on diversity of citizenship must identify the citizenship of each party to the litigation…If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.").[5] Accordingly, the Plaintiff must affirmatively allege whether it is

---

diversity jurisdiction to allege that an unincorporated entity has nevertheless been "incorporated" in a certain state. Case law is clear that, on issues of subject-matter jurisdiction, district courts should not be required to presume or speculate, and the burden is on the party invoking diversity jurisdiction to "distinctly and affirmatively" allege facts supporting the parties' citizenships. *McGovern*, 511 F.2d at 654.

[5] This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also*

a corporation or some other, unincorporated artificial entity. If it is an unincorporated entity, then the Plaintiff must also affirmatively allege its members/partners and their citizenships.

- Each of the three defendants is a natural person. Defendants Michael and Pamela Hennigan are each alleged to be "an adult citizen residing in Baldwin County, Alabama[,]" while Defendant Amiee Rhiannon Nychole Newsome is alleged to be "an adult citizen residing in either Baldwin County or Madison County." (Doc# 1 ¶¶ 2-4, PageID.1). Despite the Plaintiff's identification of the defendants in general as "citizens," these statements still effectively only allege the places they are "residing." Such allegations are insufficient, as the law of this circuit is clear that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person[,]" *Taylor*, 30 F.3d at 1367, and that "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and

---

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."); *Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity").

footnote omitted). That is, "domicile requires both residence in a state **and** 'an intention to remain there indefinitely....' " *Travaglio*, 735 F.3d at 1269 (quoting *McCormick,* 293 F.3d at 1258 (internal quotation marks omitted)) (emphasis added). *See also Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").[6] Moreover, the Plaintiff fails to allege even a state of residence for Newsom, instead only naming two counties (which may or may not be in Alabama) in which she may be "residing." (Doc# 1 ¶ 4, PageID.1). Accordingly, the Plaintiff

---

[6] While "[r]esidence alone is not the equivalent of citizenship, … the place of residence is prima facie the domicile" when there is an evidentiary challenge to a party's citizenship. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). *Accord Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 n.9 (S.D. Ala. 2006) (Steele, J.) ("[W]hile the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile."). Nevertheless, the fact that residence may be *prima facie* <u>evidence</u> of domicile does not relieve the party invoking diversity jurisdiction of the burden of <u>alleging</u> a natural person party's place of domicile/citizenship, rather than simply that party's place of residence. The Eleventh Circuit has repeatedly held that a mere allegation of residence does not satisfy that pleading burden. *See Travaglio*, 735 F.3d at 1269 ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective.   Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship." (citing *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that **since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship**." (quotation and citation omitted) (emphasis added)).

must amend its complaint to allege the <u>states</u> (not simply counties) of <u>domicile/citizenship</u> (not mere residence) for all Defendants.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon due consideration, the Plaintiff is **ORDERED** to file, no later than **<u>SEPTEMBER 10, 2025</u>**, an amended complaint that corrects the above-noted deficiencies in its allegations supporting diversity jurisdiction under § 1332(a), or that alleges some other basis for subject-matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint, which will become the operative complaint in this action,[7] "must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference[,]" *see* S.D. Ala. CivLR 15(a); and

- the Plaintiff must file the amended complaint as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed

---

[7] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g.*, *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

nonresponsive to this order and will be summarily ordered stricken. The failure to file an amended complaint as ordered, or to adequately allege a basis for subject matter jurisdiction in the amended complaint, may result in dismissal of this action *sua sponte* for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II.   Disclosure Statement

In filing its complaint, the Plaintiff did not contemporaneously file a disclosure statement as required by Federal Rule of Civil Procedure 7.1 (as amended effective Dec. 1, 2022) and S.D. Ala. Civil Local Rule 7.1. The Plaintiff is **ORDERED** to do so, using this Court's current form, no later than **SEPTEMBER 10, 2025** (form available at: https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf ).

**DONE** and **ORDERED** this the **3rd** day of **September 2025**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**